IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS GRAY P/K/A FLAME; LECRAE MOORE P/K/A LECRAE; EMANUEL LAMBERT; and CHIKE OJUKWU,<br><br>    Plaintiffs,<br><br>v.<br><br>KATY PERRY; JORDAN HOUSTON P/K/A JUICY J; LUKASZ GOTTWALD P/K/A DR. LUKE; SARAH THERESA HUDSON; MAX MARTIN; HENRY RUSSELL WALTER P/K/A CIRKUT; and CAPITOL RECORDS, LLC,<br><br>    Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

### Introduction

1.  This is an action for injunctive and other relief under the Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq.*(the "Copyright Act"), arising out of Defendants' ongoing infringement of Plaintiffs' copyright in their Christian gospel hip hop song entitled "Joyful Noise."

2.  By any measure, Defendants' "Dark Horse" song is a mega-hit. Defendant Katy Perry has performed the song on national television and at sold-out concerts around the nation. It has been at or near the top of various Billboard and other music charts since its release last September. Millions of digital copies have been sold and downloaded. The song has been in near constant play on Top 40 radio stations throughout the United States. As of this week, more than

435 million viewers worldwide have watched the official music video of the Dark Horse song on YouTube.

3. By any measure, the Dark Horse song also constitutes an infringement of Plaintiffs' copyright in their Christian gospel song Joyful Noise, released five years before Dark Horse. Specifically, Defendants' unauthorized reproduction, distribution, and public performance of Plaintiffs' musical composition constitute infringement of plaintiffs' exclusive rights in their copyright.

4. And by any measure, the devoutly religious message of Joyful Noise has been irreparably tarnished by its association with the witchcraft, paganism, black magic, and Illuminati imagery evoked by the same music in Dark Horse. Indeed, the music video of Dark Horse generated widespread accusations of blasphemy and an online petition signed by more than 60,000 demanding removal of an offensive religious image from the video.

### The Plaintiffs

5. Plaintiff Marcus Gray is an American Christian hip hop musician and a citizen of Missouri who resides within the Eastern Division of this District.

6. Plaintiff Chike Ojukwu is an American Christian hip hop musician and record producer and a citizen of Missouri who resides within the Eastern Division of this District.

7. Plaintiff Lecrae Moore p/k/a Lecrae is an American Christian hip hop musician and record producer and a citizen of Georgia who resides in Atlanta, Georgia.

8. Plaintiff Emanuel Lambert is an American Christian hip hop musician and record producer and a citizen of Pennsylvania who resides in Aldan, Pennsylvania.

**JURY TRIAL DEMANDED**

## The Defendants

9. Upon information and belief, Defendant Katy Perry (f/k/a Katheryn Elizabeth Hudson) is a citizen of California presently residing at 7310 Mulholland Drive, Los Angeles, CA 90046.

10. Upon information and belief, Defendant Jordan Michael Houston (p/k/a Juicy J) is a citizen of Tennessee presently residing at 411 North Oakhurst Drive #402, Beverly Hills, CA 90210.

11. Upon information and belief, Defendant Lukasz Gottwald (p/k/a Dr. Luke) is a citizen of California presently residing at 8700 Hollywood Boulevard, West Hollywood, CA 90069.

12. Upon information and belief, Defendant Max Martin is a citizen of California presently residing at 882 North Doheny Drive, West Hollywood, CA 90069.

13. Upon information and belief, Defendant Henry Russell Walter (p/k/a Cirkut) is a citizen of California residing at 26664 Seagull Way, Unit A211, Malibu, CA 90265-4543.

14. Upon information and belief, Defendant Sarah Theresa Hudson is a citizen of California residing at 5000 Kester Ave., #5 Sherman Oaks, CA 91403.

15. Defendant Capitol Records, LLC ("Capitol Records") is a Delaware limited liability company with its principal place of business at 150 Fifth Avenue, New York, New York 10011.

## Jurisdiction and Venue

16. This is an action for copyright infringement arising under the Copyright Act. The Court has subject matter jurisdiction under 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over defendants because Defendants have purposefully directed their marketing and promotion of the Dark Horse song toward Missouri residents, have profited from Missouri residents purchasing downloads of the Dark Horse song and viewing the music video of the Dark Horse song, have authorized, arranged for and/or performed the Dark Horse song on national television broadcasts into Missouri, have engaged in infringing activities that have damaged the two Missouri Plaintiffs, and have otherwise had sufficient contacts with the State of Missouri and this District. Defendants thus do continuous and systematic business or have a place of business in this judicial district.

18. Venue is proper in this district under 28 U.S.C. §§ 1391(b), (c) and 1400(a).

### Plaintiffs' Song: "Joyful Noise"

19. Plaintiffs are the authors and creators of an original musical composition embodied in the sound recording entitled Joyful Noise.

20. Plaintiffs created Joyful Noise in 2007 and published it in March of 2008.

21. Plaintiffs are and have been at all times the sole owners of the copyright in the song Joyful Noise. Pending before the U.S. Copyright Office is their application to register the copyright in Joyful Noise, filed on June 3, 2014 and bearing file number 1-1480799311.

22. Pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106, Plaintiffs, as owners of the copyright in Joyful Noise, are the owners of the exclusive rights to reproduce that song, to distribute copies of that song, to prepare derivative works based upon that song, and to publicly perform that song.

23. The Joyful Noise song appears on the album entitled *Our World: Redeemed*, which was released in 2008.

24. The album *Our World: Redeemed* received a Grammy Award nomination for Best Rock or Rap Gospel Album and a Stellar Award nomination for Rap Album of the Year in 2008.

25. The song Joyful Noise received a 2008 Gospel Music Association Dove Award nomination for the Best Rap/Hip Hop Recorded Song of the Year.

26. As of this week, close to 3 million viewers have watched the music video versions of Joyful Noise on YouTube.

### Defendants' Song: "Dark Horse"

27. In September of 2013, Capitol Records released the "Dark Horse" song ("Defendants' Song") as the first promotional single from Defendant Perry's fourth studio album, entitled *Prism*.

28. On information and belief, based in part on U.S. Copyright Registration No. PA0001871672, the six individual Defendants in this action claim to be authors of Defendants' Song.

29. On or about October 5, 2013, Defendants' Song debuted at Number 17 on the Billboard Hot 100 chart.

30. In October of 2013, Capitol Records released the album *Prism*, and two months later Capital released Defendants' Song as the album's third official single.

31. By January of 2013, Defendants' Song had reached Number 1 on the Billboard Hot Digital Songs chart and the Billboard Hot 100 chart, where it remained for weeks.

### Defendants' Infringement of Plaintiffs' Copyright

32. Defendants never sought or obtained permission from Plaintiffs to use the Joyful Noise song in creating, reproducing, recording, distributing, selling, or publicly performing Defendants' Song.

5

33. Plaintiffs never gave any of the Defendants permission, consent, or a license to use Joyful Noise for any purpose, including creation of a derivative work based on Joyful Noise.

34. Defendants have sold, performed, and otherwise commercially exploited and profited from Defendants' Song in numerous ways, included but not limited to the following:

    a. Selling the compact disc-release of *Prism* to the public on numerous websites and through retail stores throughout the nation; and

    b. Duplicating and uploading the digital version of Defendants' Song to, among other sites, iTunes, Amazon, Google Play, and eMusic for purchase by consumers.

35. In addition, Defendants Perry and Houston publicly performed Defendants' Song on or about January 26, 2014 at the nationally televised 56th Annual Grammy Awards®, and Defendant Perry has performed Defendants' Song at various concerts and music festivals to tens of thousands of spectators throughout the nation and overseas.

36. In addition, Capitol Records prepared the music video of Defendants' song and, in conjunction with its affiliated company Vevo, LLC, arranged for its commercial syndication and publication on YouTube and other commercial sites, which have been viewed by the public more than 435 million times, thus generating additional profits for Defendants.

37. Defendants' actions, as alleged above, constitute infringement of Plaintiffs' copyright in Joyful Noise. Among other things, Defendants' actions violate Plaintiffs' exclusive rights in Joyful Noise under Section 106 of the Copyright Act, 17 U.S.C. § 106.

38. These Defendants have already infringed Plaintiffs' copyright and caused damage and irreparable harm through their unauthorized copying, distribution, and public performance of Defendants' Song. If not enjoined, they will continue to cause Plaintiffs irreparable harm.

39. So, too, Defendants unlawful actions have caused irreparable harm to Plaintiffs' reputation and the reputation of the Joyful Noise song within the Christian gospel music world by, among other things, creating a false association between the music of Joyful Noise and the anti-Christian witchcraft, paganism, black magic, and Illuminati imagery evoked by Defendants' Song, especially in the music video version.

40. Plaintiffs have given written notice of the infringement to Defendants or their representatives.

41. Defendants have continued to infringe the copyright in Joyful Noise.

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendants as follows:

A. A permanent injunction enjoining and restraining Defendants, their agents, servants, employees, attorneys, partners, licensees, divisions, affiliates, parent corporation(s), and all others in active concert or participation with any of them from copying, distributing, publicly displaying, or otherwise making any use of the Joyful Noise or Defendants' Song;

B. An award of monetary damages sufficient to compensate Plaintiffs for the injuries suffered as a result of Defendants' wrongful conduct;

C. An award of Defendants' profits and unjust enrichment realized from their infringement and other wrongful conduct;

D. An award to Plaintiffs of interest, costs and reasonable attorney's fees expended in this action; and

E. An award of such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a jury trial.

**JURY TRIAL DEMANDED**

/s/Michael A. Kahn
Michael A. Kahn (#35411MO)
kahn@capessokol.com
Drey A. Cooley (#58784MO)
cooley@capessokol.com
Capes Sokol Goodman & Sarachan PC
7701 Forsyth Blvd., 12th Floor
St. Louis, Missouri 63105
Tel:  (314) 721-7701
Fax: (314) 721-0554

―and―

**KAYIRA LAW, LLC**

By: /s/ Eric F. Kayira
Eric F. Kayira, 50672MO
200 S. Hanley Road, Suite 208
Clayton, Missouri 63105
(314) 899-9381
(314) 899-9382 facsimile
eric.kayira@kayiralaw.com

*Attorneys for Plaintiff*