# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARCUS GRAY P/K/A FLAME; LECRAE MOORE P/K/A LECRAE; EMANUEL LAMBERT; and CHIKE OJUKWU, <br><br> Plaintiffs, <br><br> v. <br><br> KATY PERRY; JORDAN HOUSTON P/K/A JUICY J; LUKASZ GOTTWALD P/K/A DR. LUKE; SARAH THERESA HUDSON; MAX MARTIN; HENRY RUSSELL WALTER P/K/A CIRKUT; and CAPITOL RECORDS, LLC, <br><br> Defendants. | Case No.  4:14-CV-01183-HEA |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS JORDAN HOUSTON P/K/A JUICY J, LUKASZ GOTTWALD P/K/A DR. LUKE, SARAH HUDSON, KARL MARTIN SANDBERG P/K/A MAX MARTIN AND HENRY WALTER P/K/A CIRKUT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
OR IN THE ALTERNATIVE, TO TRANSFER AND DEFENDANT CAPITOL RECORDS, LLC'S MOTION TO TRANSFER**

Defendants Jordan Houston p/k/a Juicy J ("Houston"), Lukasz Gottwald p/k/a Dr. Luke ("Gottwald"), Sarah Theresa Hudson ("Hudson"), Karl Martin Sandberg p/k/a Max Martin ("Martin") and Henry Russell Walter p/k/a Cirkut ("Walter") (together, the "Individual Defendants"), and Capitol Records, LLC ("Capitol") (collectively, the "Moving Defendants")[1], by their undersigned counsel, respectfully submit this memorandum of law in support of (1) the Individual Defendants' motion to dismiss for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and (2) the Moving Defendants' motion, in the alternative, to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

This is an action involving a single claim of copyright infringement involving a musical composition entitled "Dark Horse," which was written and/or produced by the Individual Defendants, and performed by Defendants Katy Perry ("Perry") and Houston. Capitol is a record company that is alleged to have been involved in the distribution of "Dark Horse." Plaintiffs allege they are the owners of the allegedly infringed musical composition entitled "Joyful Noise." The Moving Defendants seek the dismissal or transfer of this action because Plaintiffs have filed it in a forum that cannot exercise personal jurisdiction over any of the Individual Defendants[2], and which is in all events inconvenient to all of the Moving Defendants and their witnesses.

---

[1] The Individual Defendants have each submitted a Declaration in support of this motion. These Declarations are respectively referred to hereinafter as the "Houston Decl.", "Gottwald Decl.", "Hudson Decl.", "Martin Decl.", and "Walter Decl." Capitol has also submitted a Declaration by Martha Braithwaite, which is referred to hereinafter as the "Braithwaite Decl."

[2] Katy Perry, who is separately represented, is simultaneously making a motion to dismiss for lack of personal jurisdiction over her and in the alternative to transfer the action to the United States District Court for the Southern District of New York. Her motion is incorporated by reference herein.

Noticeably absent from Plaintiffs' Complaint are any factual allegations that demonstrate any connections between the Individual Defendants and the State of Missouri – that is because no such connections exist.  *None* of the five Individual Defendants has any connection to the State of Missouri, no less the type of contacts necessary under the law to confer personal jurisdiction over them.  Here, the Individual Defendants have submitted sworn declarations which demonstrate the unequivocal absence of any connections between them and the State of Missouri that rise to the level required to confer jurisdiction under any either the Missouri long-arm statute or the Due Process Clause.

Under Eighth Circuit law, Plaintiffs have the burden of making a *prima facie* showing of jurisdiction over the Individual Defendants under both Missouri's long-arm statute and the Due Process Clause of the Constitution by demonstrating jurisdictional facts – not vague and conclusory allegations.  Plaintiffs cannot meet that burden because those facts do not exist.

Plaintiffs cannot establish that general personal jurisdiction exists over any of the Individual Defendants.  Indeed, none of the Individual Defendants has any contacts with the State of Missouri, and certainly not the "continuous or systematic contacts" necessary for general jurisdiction.  Nor can Plaintiffs meet the criteria for specific jurisdiction, under the state long-arm statute or the Due Process Clause, because the Individual Defendants simply do not have the "minimum contacts" with the State of Missouri necessary to confer jurisdiction over them.  For these reasons, the claims against the Individual Defendants should be dismissed.

Irrespective of whether personal jurisdiction exists over the only other Moving Defendant, Capitol, there is no rational basis for Plaintiffs' action to proceed against only Capitol in this forum.  Notably, the Complaint itself acknowledges that Capitol's offices are in New

York.  Compl., ¶ 15.  As discussed in the accompanying declaration of Martha Braithwaite, Capitol has no office in the State of Missouri and none of Capitol's (or for that matter any of the Individual Defendant's) documents or witnesses are present in the State of Missouri.  Further, *none* of the alleged conduct underlying the alleged infringement occurred in Missouri.  Two of the Plaintiffs themselves reside on the East Coast in Pennsylvania and Georgia.  As Capitol does not maintain any offices, have any employees, or keep any documents in the State of Missouri, it would be unnecessarily burdensome and inconvenient to require it to litigate this action here.  If dismissed from this action, as they should be, the Individual Defendants themselves are at minimum potential witnesses in connection with this claim, and they are not subject to personal jurisdiction in Missouri.  Therefore, in the interests of convenience and judicial economy, the action against Capitol should be transferred to the Southern District of New York.

## I.     Factual Allegations

Plaintiffs allege that they are the authors and creators of a musical composition and sound recording called "Joyful Noise," which they allege was created in 2007 and published in March 2008.  Compl., ¶¶ 19-20.  Plaintiffs allege that they filed an application to register the copyright for the first time in "Joyful Noise" on June 3, 2014.  *Id.*, ¶ 21.  Plaintiffs allege that Capitol released "Dark Horse," performed by Perry and Houston, in September 2013 as a single, and later as part of Perry's album *Prism*.  Compl., ¶¶ 2, 27, 35.  Plaintiffs allege that "Dark Horse" infringes Plaintiffs' alleged copyright interest in the composition "Joyful Noise."  *Id.*, ¶ 32.

Plaintiffs' jurisdictional allegations are entirely conclusory, and lump all defendants together into the same broad allegations.  As an initial matter, Plaintiffs allege, upon information and belief, the purported residences of each of the Individual Defendants.  Every single one of

these alleged residences is outside of Missouri. *See* Compl., ¶¶ 9-14. Capitol is alleged to be a Delaware company with its principal place of business in New York, New York. *Id.*, ¶ 15.

Plaintiffs' remaining allegations regarding personal jurisdiction over Defendants are primarily contained in a single paragraph, which generally alleges that "Defendants" have (i) purposefully directed marketing and promotion of "Dark Horse" toward Missouri residents; (ii) profited from Missouri residents purchasing "Dark Horse" and viewing the music video of "Dark Horse"; (iii) "authorized, arranged for and/or performed the Dark Horse song on national television broadcasts into Missouri"; (iv) engaged in infringing activities that have damaged the two Missouri Plaintiffs; and (v) "otherwise had sufficient contacts with the State of Missouri and this District." Compl., ¶ 17. Plaintiffs further allege that "Defendants have sold, performed, and otherwise commercially exploited and profited from" "Dark Horse" by " . . . [s]elling the compact disc-release of *Prism* to the public on numerous websites and through retail stores throughout the nation; and [] [d]uplicating and uploading the digital version of Defendants' Song to, among other sites, iTunes, Amazon, Google Play, and eMusic for purchase by consumers." *Id.*, ¶ 34. Finally, Plaintiffs allege that Perry and Houston performed "Dark Horse" on January 26, 2014 at the nationally televised 56th Annual Grammy Awards.[3] *Id.*, ¶ 35.

**II.    No Personal Jurisdiction Exists Over The Individual Defendants**

    **A.    Applicable Law on Personal Jurisdiction**

"When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists" by making "a prima facie showing of personal jurisdiction over the challenging defendant." *Fastpath, Inc. v. Arbela Techs. Corp.*, 2014 U.S. App. LEXIS 14161, at

---

[3] Plaintiffs also allege that Capitol prepared a music video for "Dark Horse" and arranged for the "commercial syndication and publication" of said video on the Internet. Compl., ¶ 36. Capitol, however, is not moving to dismiss this action for lack of personal jurisdiction.

*5 (8th Cir. July 25, 2014).  "[A] plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction in the forum state." *Johnson Chiropractic Ctr., LLC v. Clark*, 2014 U.S. Dist. LEXIS 106151, at *3 (E.D. Mo. Aug. 1, 2014) (quotation omitted).  A plaintiff's prima facie showing "'must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.'" *Fastpath, Inc.*, 2014 U.S. App. LEXIS 14161, at *5 (quotation omitted).  While the evidence must be viewed in a light most favorable to the plaintiff and factual conflicts resolved in the plaintiff's favor, the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction.  *Id.* at *5-6.

The Supreme Court has recognized two categories of personal jurisdiction: (i) specific jurisdiction, which exists when the nonresident defendant has sufficient contact with the forum state and the cause of action arises out of or relates to that contact; and (ii) general jurisdiction, where the plaintiff's cause of action does not arise out of and is unrelated to the defendant's contacts with the forum.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 & 9 (1984).  In an action where federal subject matter jurisdiction is predicated upon a federal statute – such as this one – a federal district court cannot exercise personal jurisdiction over a defendant unless the statute at issue explicitly grants such jurisdiction or a state court in the forum state would have jurisdiction over the defendant.  *N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*, 975 F. Supp. 2d 993, 997 (E.D. Mo. 2013).  As the Copyright Act does not confer personal jurisdiction over the Individual Defendants, the personal jurisdiction analysis requires two inquiries:  whether the exercise of jurisdiction is proper under Missouri's long-arm statute, and whether it comports with the Due Process Clause of the Fifth Amendment.  *Id.*

Missouri's long-arm statute authorizes personal jurisdiction over defendants who, *inter alia*, transact business, make a contract, or commit a tort within the state. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). The statute is interpreted "'to provide for jurisdiction, within the specific categories enumerated in the statute[], to the full extent permitted by the [D]ue [P]rocess [C]lause.'" *Id.* (citation omitted).

To satisfy due process, a plaintiff must show that there are "minimum contacts" between the forum state and the defendant. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Assuming there are "minimum contacts," the court must consider whether the exercise of personal jurisdiction over the defendant is counter to the "traditional notion of fair play and substantial justice." *Id* (citation omitted). The underlying inquiry under the "minimum contacts" standard is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287 (1980). Further, "'[a]ctions by [the defendant] itself must have created a "substantial connection" with the forum.'" *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1086-1087 (E.D. Mo. 2001) (quotation omitted).

In the Eighth Circuit, courts consider five factors to determine whether sufficient contacts exist to exercise personal jurisdiction over a defendant:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592-93 (8th Cir. 2011). The first three factors are of primary importance, but courts should look at all of the factors and the totality of the circumstances. *N.C.C. Motorsports, Inc.*, 975 F. Supp. 2d at 999.

Finally, when a cause of action involves a tortious act, a plaintiff also can obtain specific personal jurisdiction over a non-resident defendant by employing the "effects test" set forth in *Calder v. Jones*, 465 U.S. 783 (1984). "[A] defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely and expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered – and which the defendant knew was likely to be suffered—[in the forum state.]" *N.C.C. Motorsports, Inc.*, 975 F. Supp. 2d at 999.

### B.    There Is No General Personal Jurisdiction Over The Individual Defendants

As an initial matter, Plaintiffs fail to allege any basis for this Court to exercise general personal jurisdiction over any of the Individual Defendants. The Court may only exercise general personal jurisdiction over a defendant if the defendant has maintained "continuous and systematic contacts" with Missouri. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 416. This requires the plaintiff to show more than isolated or minimum contacts by the Individual Defendants with Missouri; to the contrary, the Court "may assert general jurisdiction over a defendant only when the 'continuous . . . operations within a state [are] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Bell v. Imperial Palace Hotel/Casino, Inc.*, 200 F. Supp. 2d 1082, 1090 (E.D. Mo. 2001) (citation omitted).

Here, none of the Individual Defendants is a resident of Missouri. Nor does any of the Individual Defendants own any property, or have a place of business, mailbox, or telephone number or any business representatives in Missouri.[4] In sum, the Individual Defendants have ***no*** contacts with the State of Missouri, much less the type of "continuous and systematic contacts"

---

[4] Houston Decl., ¶¶ 4-7; Gottwald Decl., ¶¶ 3-6; Hudson Decl., ¶¶ 4-7; Martin Decl., ¶¶ 3-6; Walter Decl., ¶¶ 3-6.

necessary to justify the exercise of general personal jurisdiction.  *Cf. Magnetic Works, Ltd. v. Khan*, 2006 U.S. Dist. LEXIS 45759 (E.D. Mo. July 5, 2006) (holding that "sparse interactions, if in fact they can be considered interactions with Missouri, hardly reach the required level of 'continuous and systematic' contacts with Missouri.").

Plaintiffs' general allegations regarding the distribution of "Dark Horse" are similarly insufficient to support the exercise of general personal jurisdiction over the Individual Defendants.  While Plaintiffs' allegations hardly differentiate between the defendants in this action, none of the Individual Defendants has any involvement in the commercial distribution of "Dark Horse."[5]  Regardless, even if the Individual Defendants were in any way involved in the distribution of "Dark Horse" – which they are not – numerous courts have held that allegations of isolated concert performances and global media distribution are insufficient to establish general personal jurisdiction.  *See Jonzun v. Estate of Jackson*, 2014 U.S. Dist. LEXIS 39284 (D. Mass. Mar. 24, 2014); *Kinnard v. Kelly*, 2009 U.S. Dist. LEXIS 47702 (N.D. Ga. June 5, 2009); *Jones v. Blige*, 2006 U.S. Dist. LEXIS 29721 (E.D. Mich. May 16, 2006).

### C.   There Is No Specific Personal Jurisdiction Over The Individual Defendants

In order to exercise specific personal jurisdiction over the Individual Defendants, Plaintiffs are required to make a *prima facie* showing that both Missouri's long-arm statute and the Due Process Clause are satisfied.  Plaintiffs can make neither showing here.

#### 1.   *The Missouri Long-Arm Statute Is Not Satisfied*

While it is difficult to draw many conclusions from Plaintiffs' sparse Complaint, there appear to be only two possible categories of acts enumerated in Missouri's long-arm statute that

---

[5] Houston Decl., ¶ 11; Gottwald Decl., ¶ 9-10; Hudson Decl., ¶ 11; Martin Decl., ¶ 9; Walter Decl., ¶ 9.

could have any application here: (i) transacting business within Missouri, or (ii) committing a tort within Missouri. Neither should be found to apply here.

First, the Individual Defendants do not transact business within Missouri. While the Missouri long-arm statute is "construed broadly," "the transacting business section of the Missouri long arm statute is not without limits." *Warren v. Cardoza Publ'g, Inc.*, 2011 U.S. Dist. LEXIS 138701, at *11 (E.D. Mo. Dec. 2, 2011). For example, the Missouri Court of Appeals has limited the reach of the "transacting business" section of the Missouri long-arm statute, holding that the "use of the mail or telephone communications, without more, does not constitute the transaction of business for the purposes of long arm jurisdiction in Missouri." *Id.* at *11-12 (quoting *Johnson Heater Corp. v. Deppe*, 86 S.W.3d 114, 119 (Mo. App. 2002)).

As noted above, none of the Individual Defendants is a resident of the Missouri; has any property, a place of business, a mailbox, or a telephone number in Missouri; has any business representatives in Missouri; or has any control over the commercial distribution of the allegedly infringing song "Dark Horse" (which is the only business activity alleged in the Complaint at all).[6] As the Individual Defendants have absolutely no business contacts with Missouri, the "transacting business" prong of the Missouri long-arm statute is inapplicable.

Second, the "committing a tort" section of the Missouri long-arm statute also does not apply here. Plaintiffs do not allege that any of the Individual Defendants engaged in any conduct within Missouri whatsoever. In fact, the sole connection between the single count of copyright infringement alleged in the Complaint and Missouri is the allegation that *only two of the four Plaintiffs* in this action are currently residents of Missouri. That only half of the Plaintiffs in this

---

[6] Houston Decl., ¶¶ 4-7, 11; Gottwald Decl., ¶¶ 3-6, 9-10; Hudson Decl., ¶¶ 4-7, 11; Martin Decl., ¶¶ 3-6, 9; Walter Decl., ¶¶ 3-6, 9.

action claim to reside in Missouri distinguishes the instant action from other cases involving intellectual property infringement, as unlike here, the only possible plaintiff in those cases was a Missouri resident.  *Cf. Cepia, L.C.C. v. Alibaba Group Holding Ltd.*, 2011 U.S. Dist. LEXIS 129126 (E.D. Mo. Nov. 8, 2011).  Regardless, even assuming *arguendo* that the alleged harm felt by two of Plaintiffs in Missouri was sufficient to satisfy Missouri's long-arm statute (and it is not), that would not end the Court's inquiry.  *See N.C.C. Motorsports, Inc.*, 975 F. Supp. 2d at 1002.  Plaintiffs must also demonstrate that the Individual Defendants have sufficient minimum contacts with the Missouri to satisfy the requirements of the Due Process Clause – they cannot.

### 2. *The Due Process Clause Does Not Support The Exercise Of Jurisdiction*

As noted above, Courts in the Eighth Circuit employ a five-factor test to determine whether sufficient minimum contacts exist to exercise personal jurisdiction.  Here, none of these factors supports the exercise of personal jurisdiction over the Individual Defendants.

The entire Due Process analysis falls after consideration of the first factor alone:  simply put, none of the Individual Defendants has any contacts of substance with the State of Missouri.  Again, none of the Individual Defendants resides in Missouri, has any business contacts with Missouri, or has any involvement in the commercial distribution of the song "Dark Horse," whether in Missouri or otherwise.[7]  Where, as here, "Plaintiff[s] cannot establish that [the Individual Defendants] had any qualifying contacts with the State of Missouri, the Court need not proceed with the remaining factors of the five part inquiry."  *Johnson Chiropractic Ctr., LLC*, 2014 U.S. Dist. LEXIS 106151, at *8-9.

---

[7] Houston Decl., ¶¶ 4-7, 11; Gottwald Decl., ¶¶ 3-6, 9-10; Hudson Decl., ¶¶ 4-7, 11; Martin Decl., ¶¶ 3-6, 9; Walter Decl., ¶¶ 3-6, 9.

The remaining factors also do not support the exercise of personal jurisdiction over the Individual Defendants.  *First*, because the Individual Defendants have no contacts with the State of Missouri, it is impossible to assess the quality of any such contacts.  *Second*, again, because the Individual Defendants have no contacts with Missouri, there is no relation between any such contacts and the sole cause of action.  To the contrary, the Individual Defendants' contributions to the allegedly infringing song, "Dark Horse" occurred in completely different countries and states; the Individual Defendants are also not involved in the commercial distribution of "Dark Horse."[8]  *Third*, the interest in the State of Missouri in providing a forum for its residents is at best neutral here, as only two of the four Plaintiffs in this action are alleged to be Missouri residents; regardless, this interest alone is not sufficient to support the exercise of personal jurisdiction over the Individual Defendants.  See *N.C.C. Motorsports, Inc.*, 975 F. Supp. 2d at 1005.  *Fourth*, as will be discussed below, the convenience of the parties favors hearing this action elsewhere, as none of the multiple defendants resides in Missouri, none of the defendants' evidence can be found in Missouri, and at least two of the Plaintiffs are themselves located outside of Missouri.  Under the five-factor test employed in the Eighth Circuit, there is no basis to exercise personal jurisdiction over the Individual Defendants.

### 3. *There Is No Personal Jurisdiction Under The "Effects Test"*

Application of the *Calder* "effects test" – which may be appropriate where a plaintiff alleges tortious injury – similarly does not support the exercise of personal jurisdiction over the Individual Defendants.  Plaintiffs at minimum cannot establish that the second or third factors of the "effects test" are satisfied here.

---

[8] Houston Decl., ¶¶ 10-11; Gottwald Decl., ¶¶ 8-10; Hudson Decl., ¶¶ 10-11; Martin Decl., ¶¶ 8-9; Walter Decl., ¶¶ 8-9.

11

First, and most importantly, Plaintiffs cannot demonstrate that any of the Individual Defendants' allegedly infringing acts "were uniquely and expressly aimed at Missouri." In this regard, "the Eighth Circuit construes the *Calder* 'effects test' narrowly and with respect to the second *Calder* factor holds that the tortious acts must be expressly aimed at the forum." *N.C.C. Motorsports, Inc.*, 975 F. Supp. 2d at 1004. As such, only extraterritorial acts taken for the purpose of causing harm in Missouri satisfy *Calder*'s "express-aiming requirement." *Id.* Here, Plaintiffs have alleged nothing but the most vague and general allegations that the defendants as a whole have "purposefully directed their marketing and promotion of the Dark Horse song toward Missouri residents, have profited from Missouri residents purchasing downloads of the Dark Horse song and viewing the music video of the Dark Horse song, have authorized, arranged for and/or performed the Dark Horse song on national television broadcasts into Missouri, [and] have engaged in infringing activities that have damaged the two Missouri Plaintiffs . . . ." Compl., ¶ 15. Such "conclusory allegations" are insufficient to support the exercise of personal jurisdiction. *Blando v. Business Men's Assur. Co. of Am.*, 2012 U.S. Dist. LEXIS 179332, at *17-18 (W.D. Mo. Dec. 19, 2012). This is particularly true where such allegations are contested.

Because the Individual Defendants are not involved in the commercial distribution of "Dark Horse," they could not have been involved in any purposeful direction of "Dark Horse" to Missouri.[9] It is a basic tenet of personal jurisdiction that each defendant must be analyzed separately; Plaintiffs cannot attempt to assert personal jurisdiction over all defendants merely by lumping all of their purported activities together into one general, conclusory paragraph without any reasoned basis for doing so. *See, e.g.*, Exhibit A, *Schwartz v. Holiday House*, Case No. 4:02-CV-1410 CAS, slip op. (E.D. Mo. Mar. 27, 2003) (no evidence that author "purposefully

---

[9] Houston Decl., ¶ 11; Gottwald Decl., ¶ 9-10; Hudson Decl., ¶ 11; Martin Decl., ¶ 9; Walter Decl., ¶ 9.

directed" any activities to Missouri with regard to allegedly infringing book, where author did not appear in Missouri to market the book, or urge the book's publisher to focus distribution efforts in Missouri). Further, "mere effects in the forum state are insufficient to confer personal jurisdiction." *Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010). That allegation alone is therefore also insufficient to support jurisdiction.

Finally, Plaintiffs have not alleged any facts supporting the third *Calder* factor, *i.e.*, that the Individual Defendants knew any of the alleged harm was going to be felt in Missouri. Again, only half of the Plaintiffs in this action are even alleged to reside in Missouri. Further, nothing in the Complaint provides any reason for any of the Individual Defendants to know of the Plaintiffs' existence, much less of their alleged connection to Missouri. Plaintiffs do not even claim to have applied for a copyright registration for "Joyful Noise" until June 3, 2014, and there is no indication of any other public record tying Plaintiffs to Missouri. As Individual Defendants had no knowledge of Plaintiffs or their ties to Missouri prior to the creation of "Dark Horse," Plaintiffs simply cannot satisfy the *Calder* "effects test."

### III.     The Action Should Be Transferred To The Southern District Of New York

As set forth above, this Court lacks personal jurisdiction over the Individual Defendants, and as such this action should be dismissed as to them. In such instance of dismissal, this Court should transfer the claims against Capitol to the Southern District of New York under 28 U.S.C. § 1404(a). Alternatively, this entire action should be transferred to that district.[10]

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[10] As an alternative to their motion to dismiss, the Individual Defendants also move for transfer to the Southern District of New York and consent to jurisdiction in that forum solely for the limited purpose of this claim.

13

where it might have been brought or to any district or division to which all parties have consented." The Eighth Circuit has confirmed that "district courts should weigh any case-specific factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.,* 602 F.3d 909, 912 (8th Cir. 2010) (internal quotation marks omitted). The factors relevant to convenience include the convenience of the parties and witness, the accessibility to records and documents; the location where the conduct complained of occurred; and the applicability of each forum state's substantive law. *Terra Int'l v. Mississippi Chem. Corp.,* 119 F.3d 688, 695-96 (8th Cir. 1997). Factors relevant to fairness or the interest of justice include judicial economy, the plaintiff's choice of forum, the comparative costs of litigating in each forum, ability to enforce a judgment, obstacles to a fair trial, conflict of law issues, and the advantages of having a local court determine questions of local law. *Id.*

Here, the factors of convenience and fairness favor transfer of this action to the Southern District of New York. Capitol has no offices in Missouri; its principal offices are located in New York and California, as are any witnesses and documents relevant to the allegations in this action. Braithwaite Decl., ¶¶ 5-8. The creation of the song "Dark Horse" took place in California and Sweden, and its subsequent distribution was directed from Capitol's New York and California offices.[11] *See In re Apple*, *Inc.*, 602 F.3d at 915 (location of defendant's headquarters supported transfer where "[m]any potential witnesses reside in" and "much of [defendant's] relevant documentation" is located in that forum). Litigating this action in this forum would be burdensome and inconvenient for all of the Moving Defendants.[12]

---

[11] Houston Decl., ¶ 10; Gottwald Decl., ¶ 8; Hudson Decl., ¶ 10; Martin Decl., ¶ 8; Walter Decl., ¶ 8; Braithwaite Decl., ¶¶ 5, 8.
[12] Houston Decl., ¶ 12; Gottwald Decl., ¶ 11; Hudson Decl., ¶¶ 12; Martin Decl., ¶¶ 10; Walter Decl., ¶¶ 10; Braithwaite Decl., ¶ 9.

Plaintiffs' choice of forum is not determinative here, as only two of the four Plaintiffs actually reside in Missouri. *In re Apple, Inc.*, 602 F.3d at 913 ("a foreign plaintiff's choice of forum is entitled to substantially less deference"). The remaining Plaintiffs both reside on the East Coast – in Pennsylvania and Georgia, respectively – making the Southern District of New York a reasonably convenient forum for them to bring their claim. Compl., ¶¶ 7-8; *In re Apple, Inc.*, 602 F.3d at 913 ("Th[e] 'general' practice of according deference [to a plaintiff's choice of forum] . . . is based on an assumption that the plaintiff's choice will be a convenient one.").

Perhaps most importantly, judicial economy favors transfer of this action to the Southern District of New York, as this Court will be unable to exercise personal jurisdiction over the Individual Defendants. A "court may transfer a case pursuant to § 1404(a) even without personal jurisdiction over a defendant." *Lefkowitz v. Valobra of Tex.*, 2014 U.S. Dist. LEXIS 81919, at *17 (E.D. Mo. June 17, 2014). It would be entirely inefficient to allow Plaintiffs to pursue one litigation against Capitol here, where it is likely that Plaintiffs would initiate a separate action against the Individual Defendants should they be dismissed here. *See*, *e.g.*, *WhatRU Holding, LLC v. Bouncing Angels, Inc.*, 2014 U.S. Dist. LEXIS 89108, at *7-8 (D. Minn. July 1, 2014).

## CONCLUSION

For the reasons set forth above, this action should be dismissed as to the Individual Defendants for lack of personal jurisdiction, and the remainder of this action as against Capitol should be transferred to the Southern District of New York. In the alternative, this entire action should be transferred to the Southern District of New York.

| | |
|---|---|
| DATED:  September 30, 2014 | Respectfully submitted, |
| | **STINSON LEONARD STREET LLP** |
| | By:   */s/ Sandra J. Wunderlich*<br>Sandra J. Wunderlich, #39019MO<br>Andrew J. Scavotto, #57826MO<br>7700 Forsyth Boulevard, Suite 1100<br>St. Louis, MO 63105<br>(314) 863-0800 - Telephone<br>(314) 863-9388 - Facsimile<br>sandra.wunderlich@stinsonleonard.com<br>andrew.scavotto@stinsonleonard.com |
| | Christine Lepera, Esq.<br>*pro hac vice motion to be filed*<br>Jeffrey M. Movit, Esq.<br>*pro hac vice motion to be filed*<br>Bradley Mullins, Esq.<br>*pro hac vice motion to be filed*<br>MITCHELL SILBERBERG & KNUPP LLP<br>12 East 49th Street, 30th Floor<br>New York, NY 10017<br>(212) 509-3900 (direct)<br>(212) 509-7239 (facsimile)<br>ctl@msk.com<br>jmm@msk.com<br>bym@msk.com |
| | *Attorneys for Defendants Jordan Houston p/k/a Juicy J, Lukasz Gottwald p/k/a Dr. Luke, Sarah Hudson, Karl Martin Sandberg p/k/a Max Martin, Henry Walter p/k/a Cirkut, and Capitol Records, LLC* |

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September 2014, the foregoing document was filed electronically and served upon counsel of record via the court's ECF filing system:

>    */s/ Sandra J. Wunderlich*
>    Attorney for Defendants