IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS GRAY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 4:14-cv-01183-HEA |
| ) | |
| KATHERYN ELIZABETH HUDSON (p/k/a ) | |
| KATY PERRY), et al ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT GOTTWALD'S
MOTION FOR SANCTIONS AND REPLY IN SUPPORT
OF THEIR MOTION FOR RULE TO SHOW CAUSE**

Plaintiffs submit this combined response/reply to Defendant Gottwald's ("Gottwald") Motion for Sanctions (Doc. 54) and his Opposition to Plaintiff's Motion for Rule to Show Cause (Doc. 55). As explained below, based upon the sworn facts in the Declaration of Jeffrey M. Movit (Doc 55-1), Plaintiffs believe that the relief requested in Plaintiffs' Motion for Rule to Show Cause ("Motion") has now been provided, thereby rendering that Motion moot. Gottwald's Motion for Sanctions, however, is unfounded and should be denied.

**Chronology**

On November 10, 2014, Plaintiffs filed their Motion regarding Gottwald's contradictory court filings here and in New York state court. (Doc. 52.). As explained in that Motion, within the space of three weeks, Gottwald had filed two declarations here swearing that he was a resident of California and one lawsuit in New York state court ("New York Lawsuit") alleging that he was a resident of New York. He had, thus, either filed false declarations here or false allegations there—which, as Plaintiffs' pointed out in their Motion, "calls into question the credibility of other statements in the two Gottwald Declarations filed here." (Doc. 52 ¶ 14.)

Accordingly, Plaintiffs' Motion concluded with a request that this Court "enter an order compelling Gottwald to appear before this Court to explain his contradictory filings in this Court and the New York court."

On the night of November 10, Gottwald's attorney in both cases, Jeffrey M. Movit, emailed a letter to Plaintiffs' counsel demanding the withdrawal of Plaintiffs' Motion. While Mr. Movit conceded that the allegation in the New York Lawsuit as to Gottwald's residency was false, he claimed that the false allegation was "merely an erroneous statement by counsel." (Doc. 55-1, Exh. A.) He asserted that "Mr. Gottwald's forthcoming Amended Complaint in the New York Action will correct this error and clarify that he is currently a California resident." (*Id.*). He concluded with a demand that Plaintiffs withdraw their Motion within 24 hours, or else.

Plaintiffs' attorneys were, to put it mildly, surprised by the implications of what Mr. Movit had characterized as "merely an erroneous statement by counsel." As this Court can confirm from a review of the two lawsuits attached to Plaintiffs' Motion, the New York Lawsuit was filed in what appears to be an attempt to avoid the jurisdiction of the California court in the prior-filed case, since Gottwald's claims in the New York Lawsuit would instead be merely compulsory counterclaims in the California action.[1] Thus Gottwald's alleged status as a New York resident was an important element of his New York Lawsuit. Moreover, Mr. Movit's explanation as to why this key allegation was false—claiming it was "merely an erroneous statement by counsel" —raised another question, namely, had he actually filed the New York Lawsuit without first asking his client to review the complaint for accuracy?

Nevertheless, if Mr. Movit's explanation were true—namely, that his client had no knowledge of the false allegation regarding his residency—then Gottwald would appear to have

---

[1] Technically, they are known as "cross-complaints" under Section 426.30 of the California Code of Civil Procedure.

2

a complete explanation for the contradictory court filings. Accordingly, in Plaintiffs' response to Mr. Movit the following day, attached as Exhibit B to his Declaration (and sent within his arbitrary 24-hour deadline), Plaintiffs' counsel stated:

> Assuming that your forthcoming Amended Complaint in the New York case will be filed before your response to the Rule to Show Cause is due, it would seem that you will have grounds to explain the contradictory allegation of New York residency and avoid your client being held in contempt. But until you have provided us with a file-stamped copy of that Amended Complaint, we are in no position to fairly evaluate your contentions or earnestly discuss with you the most reasonable and efficient way to proceed on the motion.

Given that Gottwald's response to Plaintiffs' Motion would not be due for another nine days and, further, given that the preparation of an Amended Complaint changing the words "New York" to "California" in paragraph 5 of that document would take less time than it took Mr. Movit to write his November 10 letter, Plaintiffs' ended their response: "Accordingly, please provide us with a file-stamped copy of the Amended Complaint."

Having assumed that the first priority of Gottwald's counsel would be to correct the false allegation of residency in the New York Lawsuit, Plaintiffs awaited receipt of that file-stamped copy of the Amended Complaint, at which point, as Plaintiffs had assured Mr. Movit in their November 11th communication, Plaintiffs would be in a position to "earnestly discuss with [him] the most reasonable and efficient way to proceed on the motion." Instead, Plaintiffs received the Motion for Sanctions, in which Movit's Declaration reveals, among other things, that the Amended Complaint has not yet been filed and may not be filed for some time. (Doc. 51-1 ¶ 5.)

### **Plaintiffs' Motion For Rule to Show Cause**

With the filing by Mr. Movit of his declaration, under penalty of perjury, that the allegation as to his client's residency in the New York Lawsuit was false but was *solely* the result of attorney error, the explanation sought by Plaintiffs' Motion has now been satisfied, rendering

3

any further proceedings on that Motion unnecessary. With leave of Court, Plaintiffs will dismiss their Motion or, if the Court prefers, it can enter an order denying it as moot.

### Gottwald's Motion for Sanctions

Gottwald seeks sanctions in the form of the attorney's fees he has incurred in seeking sanctions. That circular reasoning underscores the self-inflicted nature of his motion. When Plaintiffs' counsel were apprised by Mr. Movit that the allegation of residency in the New York Lawsuit was false, but that the reason was "merely an erroneous statement by counsel" that would be corrected in a "forthcoming Amended Complaint," Plaintiffs' counsel requested a copy of that Amended Complaint, explaining that until they received it they were "in no position to fairly evaluate your contentions or earnestly discuss with you the most reasonable and efficient way to proceed on the motion."

Two days later—and a full week before a response to Plaintiffs' Motion would have been due—Mr. Movit filed the Motion for Sanctions. Had he instead devoted his time and energies to correcting the admitted false statement of fact in his New York Lawsuit—namely, changing "New York" to "California"—and sending Plaintiffs' counsel a file-stamped copy of that Amended Complaint, the matter at issue in Plaintiffs' Motion would have been resolved as moot.

Gottwald complains in his Motion for Sanctions that Plaintiffs' counsel did not contact Gottwald's counsel prior to filing their Motion. There is no meet-and-confer requirement for this type of Motion, and Gottwald certainly cites to nothing requiring the same. Nor would communication have been fruitful, as evidenced by the conduct of Gottwald's counsel. Plaintiffs would have required (as they did following Gottwald's November 10 letter), at a minimum, a copy of the alluded to "forthcoming Amended Complaint" in the New York Lawsuit. Despite

4

Plaintiffs' request on November 11, Gottwald still has not filed or even provided a draft copy of the same—and instead chose to file an unfounded Motion for Sanctions.

Moreover, there are several ways Plaintiffs could have brought the false statement issue to light. Aside from filing the instant Motion, Plaintiffs could have raised it in their Opposition to Gottwald's Motion to Dismiss for Lack of Personal Jurisdiction. Gottwald surely cannot argue that Plaintiffs would need to meet and confer with Gottwald's counsel prior to filing their Opposition. Plaintiffs chose instead to file the instant Motion because the submission of potentially false declarations in this Court raised significant concerns that would have otherwise been relegated to just one of numerous issues in an Opposition brief that was already responding to two separate motions to dismiss and one for change of venue. The point, however, is that Gottwald would still have been dealing with this false statement issue, whether it was raised in a Motion for Rule to Show Cause or in Plaintiffs' Opposition.

Once Gottwald filed completely inconsistent documents in this Court and in the New York Lawsuit, raising the possibility that his declarations filed here were false, Plaintiff's Motion was ripe for filing.[2] It is certainly not unreasonable for Plaintiffs to have presumed (1) that Gottwald actually reviews the factual allegations in his own lawsuits before they are filed; and (2) that Gottwald and his counsel would have been especially alert to their jurisdictional allegation in the New York Lawsuit given that the New York Lawsuit was apparently a reaction to a California lawsuit (Gottwald's home state) against Gottwald in which his residency was, unlike the New York Lawsuit, alleged to be California.

---

[2] *See e.g., Nilva v. U.S.*, 227 F.2d 74, 79 (8th Cir. 1955) (false testimony coupled with obstruction constitutes contempt); *In re Grand Jury Proceedings*, 117 F. Supp. 2d 6, 27 (D.D.C. 2000) ("false statements to a court constitutes 'misbehavior' that is punishable as contempt, so long as the other elements of the contempt statute are satisfied."); *Wiideman v. McKay*, 132 F.R.D. 62, 66 (D. Nevada 1990)("Any person who files a false affidavit is already subject to contempt proceeding."); *United States v. Murray*, 61 F. Supp. 415, 418 (E.D. Mo. 1945) ("Under ordinary circumstances, giving of willful, false testimony in the trial of a case in a Federal Court is contempt."); *In re Paris*, 4 F. Supp. 878, 879-80 (S.D.N.Y. 1993) (false affidavits can constitute contempt of court).

Gottwald's attempt to conflate Plaintiffs' counsel's conduct in filing their Motion with the conduct at issue in the only two cases cited in support of his Motion for Sanctions merely underscores his motion's lack of merit. In *Agee v. Paramount Commun. Inc.*, 869 F. Supp. 209, 211 (S.D.N.Y. 1995), the defendants were sanctioned for (1) filing a baseless motion supported by absolutely "no evidence;" and (2) obtaining an *ex parte* TRO by "deceiv[ing] the Judge." In the instant matter, not only did Plaintiffs have evidence to support their Motion, but Gottwald's attorney has actually admitted the truth of that evidence. In *Nelson v. Special Admin. Bd. of St. Louis Pub. Schools*, 2013 WL 5423104, *1-2 (E.D. Mo., September 26, 2013), the Court declined to impose sanctions for filing what the movant contended was a frivolous lawsuit. Indeed, the Court emphasized that "section 1927 is penal in nature, [and] it should be strictly construed so that it does not 'dampen the legitimate zeal of an attorney in representing his client.'" (*citing Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999)). In short, there is no merit to the contention that Plaintiffs' counsel should be penalized for bringing to the Court's attention a false statement of fact by Gottwald—the falsity of which Gottwald's counsel now admits.

Finally, Gottwald implies that Plaintiffs' ulterior motive was to make the Court aware of the allegations against Gottwald in the California lawsuit. This is another example of Gottwald's circular reasoning. If a potentially false declaration is filed here, the Court should be made aware of it. Plaintiffs would and should have attached a copy of the California lawsuit (a publicly filed document), no matter what it alleged, if it supported the concern raised in Plaintiffs' Motion, which it most certainly did.

6

## CONCLUSION

Accordingly, the Court should (a) deny Gottwald's motion for sanctions and (b) either deny Plaintiff's motion for rule to show cause as moot or give Plaintiffs leave to dismiss it.

>Respectfully submitted,
>
>/s/Michael A. Kahn
>Michael A. Kahn (#35411MO)
>kahn@capessokol.com
>Drey A. Cooley (#58784MO)
>cooley@capessokol.com
>Capes Sokol Goodman & Sarachan PC
>7701 Forsyth Blvd., 12th Floor
>St. Louis, Missouri 63105
>Tel:  (314) 721-7701
>Fax: (314) 721-0554
>
>—and—
>
>Eric F. Kayira (#50672MO)
>Kayira Law, LLC
>200 S. Hanley Road, Suite 208
>Clayton, Missouri 63105
>Tel: (314) 899-9381
>Fax: (314) 899-9382
>eric.kayira@kayiralaw.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 17, 2014, a copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

>/s/Michael A. Kahn